CHARLOTTE PARSHLEY *vs.* FRANCIS E. HEATH, executor.

Piscataquis.    Opinion January 18, 1879.

*Promissory notes.    Waiver of demand and notice.*

Where the payee of a negotiable promissory note indorses upon it a general unconditional waiver of demand and notice, to which he subscribes as part of his indorsement, subsequent indorsers who append their signatures beneath his, in the absence of anything to indicate the contrary, must be held to adopt the written waiver and make it part of their contract. This is the fair presumption, and the natural construction of the words preceding their signatures.

Since the passage of the Stat. of 1868, c. 152, now embodied in R. S., c. 32, § 10, such waiver is valid only when in writing signed by the indorser or his lawful agent.

ON REPORT.

ASSUMPSIT, on the following note; "$272.00. Atkinson, Maine, September 1, 1874. One year after date I promise to pay to the order of C. B. Mahan, agent, two hundred and seventy-two dollars, at Savings Bank at Dover, Maine, value received. Byley Lyford."

The following is indorsed on the note in Mahan's handwriting: "Waiving demand and notice. C. B. Mahan, agent, Granite Agricultural Works, Lebanon, N. H."

About an inch below and at the right is the indorsement: "S. Heath," written there by him, as the evidence tended to show, in May, 1875.

It was admitted that, Solyman Heath died June 30, 1875, and there was evidence tending to show that his duly appointed executor was not notified of the demand upon the maker and of the non-payment until about November 10, 1875. But the ground taken in the opinion renders the evidence in regard to the failure of the notice or otherwise immaterial.

*J. Crosby,* for the plaintiff, contended that *prima facie,* the presumption was that, the "waiving demand and notice" was binding on Heath as well as on Mahan; and that there was nothing in the case against such presumption.

*E. F. Webb*, for the defendant, contended that the long time which had elapsed between the signing of Mahan and that of Heath, and the position of Heath's signature, negatived the plaintiff's theory, and that the presumption was the other way.

BARROWS, J.  Since the passage of the Stat. of 1868, c. 152, now embodied in R. S., c. 32, § 10, no waiver of demand and notice by an indorser of any promissory note or bill of exchange is valid unless it is in writing, signed by such indorser or his lawful agent.  The note here sued bears the following indorsements :

" Waiving demand and notice,  C. B. Mahan, agent, Granite Agricultural Works, Lebanon, N. H.

" S. Heath."

We think that where the first indorser of a piece of negotiable paper, instead of restricting his written waiver of demand and notice to himself, uses language which may fairly be understood to apply to all the successive parties, those who merely append their naked signatures beneath his must be held to adopt the written waiver and be bound by it.  Writing such a waiver above his own signature by an early indorser, without the knowledge and consent of subsequent indorsers, has been held in this state to be a material alteration of their contract which vitiated it altogether. *Farmer* v. *Rand*, 14 Maine, 225.

If either indorser desired to make his contract differ from that which a natural construction of the words preceding his signature would import, it would be easy for him to exclude himself from their operation by placing before his own signature the words " requiring demand and notice," or something equivalent.  If he neglects this, the fair presumption is that he intends to adopt the language of the previous signer and make the same contract.

If it should be regarded as competent for the indorser, upon the strength of certain decisions touching the character of the contract evidenced by a blank indorsement, to go into parol evidence to rebut the presumption naturally arising from the appearance of his signature under such an indorsement, this case is barren of any testimony tending that way.  On the contrary, if parol evidence on the point is admissible to reinforce the presumption, it is

clear that a man of the known and approved probity and intelligence of Solyman Heath never would have held such language as he did to the plaintiff to induce her to receive the note for his accommodation unless he fully intended to adopt the waiver and make himself and his estate holden for the note, provided the plaintiff had it at the place where it was payable when it fell due, and the maker failed to pay it.

> *Judgment for plaintiff for the amount of the note, and interest from September 4, 1875.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.